IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,
    Plaintiff,

vs.                              Case No.:  3:17cv781/MCR/EMT

UNITED STATES,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the federal Bureau of Prisons, commenced this case by filing a "Bill in Equity" with several attachments (ECF No. 1).  Plaintiff paid the filing fee.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  Upon review of Plaintiff's initial pleading, the undersigned recommends that this case be dismissed as frivolous.

Plaintiff claims that he is the defendant in Case No. 3:04-cr-00090-LC-MD (ECF No. 1 at 1–7).[1]  Plaintiff claims that his "debt" to the United States in the criminal

---

[1] The docket of Case No. 3:04-cr-00090-LC-MD reflects that on November 17, 2004, Plaintiff was convicted by a jury in this federal court of three counts of armed bank robbery (Counts One, Three, and Five), two counts of use of a firearm during and in relation to a crime of violence (Counts

case is secured by a "trust" held by Fidelity Management & Research Company ("Fidelity") (*id.*). Plaintiff seeks an accounting of the "Trust Res," "extinguishment" of his "debts" in the criminal case, and recoupment of any surplus remaining in the "trust" after his "debt" in the criminal case is "extinguished" (*id.*). Plaintiff attached the following "trust documents" to the Complaint:

> Exhibit A: "Affidavit of Status of Samuel Roy Abram, American Freeman, Private Citizen of the United States"
>
> Exhibit 1: "Notice of Deed of Acknowledgment and Acceptance Without Consideration/Release Without Consideration—Nunc Pro Tunc Ab Initio, with Birth Certificate"
>
> Exhibit 2: "Rescission of Signatures of Suretyship—Nunc pro Tunc Ab Initio"
>
> Exhibit 3: "Affidavit Re Proper Name"
>
> Exhibit 4: "Notice of Private Trust Agreement"
>
> Exhibit 5: "Affidavit of Exemption from Withholding"
>
> Exhibit 6: "True Bill/Charging Instrument 3:04-cr-00090-LC-MD-1"
>
> Exhibit 7: "Fidelity Advisor Small Cap B, Fund Printout"
>
> Exhibit 8: "Cusip Results for: (CC 3:04-CR-00090-LC-MD-1)"

---

Four and Six), and one count of possession of a firearm by a convicted felon (Count Seven). *See* United States v. Abram, Jury Verdict, ECF No. 39 (N.D. Fla. Nov. 17, 2004). On February 28, 2005, the court sentenced Plaintiff to a total term of imprisonment of 648 months (54 years). *See id.*, Judgment, ECF No. 53 (N.D. Fla. Feb. 28, 2005).

Case No.: 3:17cv781/MCR/EMT

(ECF No. 1-1). Plaintiff also submitted a request for "Appointment of a Master in Chancery" (ECF No. 1-2), a document purporting to appoint the Clerk of this Court as "Trustee" (ECF No. 1-3), a "Notice of Interest" (ECF No. 1-4), and a "Memorandum of Equity in Support" (ECF No. 1-5).

Because Plaintiff was a prisoner when he commenced this action, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)); *see also* Neitzke v. William, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (noting that a case is frivolous for when it appears the plaintiff has little or no chance of success) (internal quotation marks and citation omitted).

The undersigned has multiple years of practice in interpreting pleadings filed by pro se litigants and recognizes that certain niceties of such pleadings may not be the same as in those crafted by lawyers. Accordingly, the undersigned and her staff make

every effort to review and understand the pleadings of pro se litigants. Nevertheless, the present complaint can only be liberally characterized as gibberish. Although Plaintiff's complaint is saturated with legal terms, it is clear that Plaintiff has failed to plead anything close to approaching a cognizable claim. Both the terms used and the documents referenced and attached are nonsensical and certainly do not describe any sort of plausible cause of action.

From the undersigned's experience, Plaintiff's filings may be associated with what is known as the sovereign citizen movement. *See* Gravatt v. United States, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting that "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings"). Civil actions similar to Plaintiff's, and even a civil action previously filed by Plaintiff in this district court, have been dismissed as without merit and frivolous. *See, e.g.*, Abram v. Fidelity Investments, No. 3:15cv309/LAC/CJK, 2016 WL 1315044 (N.D. Fla. Apr. 1, 2016 (dismissing case for failure to state a claim on which relief may be granted); Paul v. New York, No. 13-CV-5047(SJF)(AKT), 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); Santiago v. Century 21/PHH Mortgage, No. 1:12-CV-02792-KOB, 2013 WL 1281776, at *1 n.3 (N.D. Ala. Mar. 27,

2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."). Plaintiff's pleading in this case is unarguably without legal merit and should thus be dismissed as frivolous.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in Plaintiff's complaint cannot be cured by amendment. Moreover, further processing of what might be loosely described as Plaintiff's claims, would result in waste of scarce judicial resources and would only serve as an incentive to further abuses. The undersigned thus finds Plaintiff's complaint should be dismissed, with prejudice, as frivolous. *See, e.g.*, Davis v. Kvalheim, 261F. App'x 231, 234 (11th Cir. 2008) (affirming district court's sua sponte dismissal, with prejudice, of plaintiff's complaint as frivolous where plaintiff's allegations "were clearly baseless and without arguable merit in fact, and he is simply employing the legal system as a tool to intimidate and heckle those he imagines have done him wrong.") (internal quotation marks omitted).

Case No.: 3:17cv781/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED, with prejudice**, as frivolous, pursuant to 28 U.S.C. § 1915A.

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of November 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**